IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CASEY R. FYKE                                                                                           PLAINTIFF

      v.                                   Civil No. 15-5045

SHERIFF TIM HELDER                                                                               DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *pro se* and *in forma pauperis.* Plaintiff is incarcerated in the Washington County Detention Center (WCDC) located in Fayetteville, Arkansas.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  Background

According to the allegations of the complaint (Doc. 1) and the addendum (Doc. 8), on January 13, 2015, someone flooded the pod in which the Plaintiff was housed. Officers went from cell to cell trying to determine who was to blame. When they came into Plaintiff's cell, he was told to put his hands on the wall. Plaintiff believed that the officers were trying to provoke a fight.

Plaintiff was moved to "ISO1" for two days with no water. He could not flush the toilet. Plaintiff believes the officers were blaming him for the flood in the pod. He alleged that the officers had been treating him badly and wrote a major disciplinary on him in an effort to get him put in the "hole" for five days.

Plaintiff named Sheriff Helder as the sole Defendant and indicated he was suing the Sheriff in his official capacity only. Plaintiff was directed (Doc. 4) to file an addendum to the complaint.

-1-

In the addendum, the Court described the difference between official and individual claims and advised the Plaintiff that an official capacity claim was stated only if the governmental entity had a policy, custom, or practice, that was the moving force behind the constitutional violation.

Plaintiff indicated he contended Washington County had an unconstitutional policy. Doc. 8 at 2. When asked to describe the policy, Plaintiff responded:

> I have a right to a clean environment. The officers placed me in ISO1 and shut off my water. I was in there for a few days and I asked them to turn on the water so I could flush my toilet and they refused to. After a few days the smell got so bad it was making me sick.

Id.

Plaintiff also indicated he believed Washington County had an unconstitutional custom. Doc. 8 at 3. He described the custom as follows: "I have a right to a clean environment and the officers violated that right because of my charges. They think they can do whatever they want and get away with it." Id.

Plaintiff again indicated he intended to sue Sheriff Helder in his official capacity only. Doc. 8 at 3. He was asked to state how he believed the Sheriff violated his federal constitutional rights. Doc. 8 at 3-4. He responded: "I am sueing (sic) Mr. Helder because he is responsible for everything that happens in this jail. There is no reason to let his employees act this way and not do anything about it." Id.

## II. Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which

-2-

relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014)(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. Gorman v. Bartch, 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish Washington County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted).  The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

Id. at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whiteledge, 165 F.3d 1197, 1204 (8th Cir. 1999).  Plaintiff has failed to do so.  His only allegations concern his alleged mistreatment at the hands of the guards.

In <u>Johnson v. Douglas County Medical Dept</u>., 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e*., that the custom was the moving force behind the constitutional violation.

<u>Id</u>., 725 F.3d at 828 (citations omitted).

Here, Plaintiff has only alleged that he was not provided with a clean environment while in ISO1 and that the officers basically believed they could get away with anything. A single deviation is insufficient to establish a custom. <u>Id</u>. at 829. Multiple incidents occurring over a course of time are needed to establish a custom. <u>Id</u>. Plaintiff's allegations in this case do not suggest the existence of any unconstitutional policy or custom of Washington County.

### III. Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous or fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). The Clerk should be directed to place a strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE